NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>            Plaintiff-Appellee, <br><br>   v. <br><br> JAMES CHEEVERS, a.k.a. SHORTY, <br><br>            Defendant-Appellant. | No. 19-55484 <br><br> D.C. Nos. 3:18-cv-01959-GPC <br>             3:13-cr-00492-GPC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted November 9, 2021
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,[**] Judge.

James Lee Cheevers appeals the district court's denial of his motion under 28 U.S.C. § 2255, in which he alleged that his counsel was ineffective in failing to file a notice of appeal after Cheevers pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Reviewing the district court's decision de novo, *Dickinson v. Shinn*, 2 F.4th 851, 857 (9th Cir. 2021), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Miller Baker, Judge of the United States Court of International Trade, sitting by designation.

To establish "that counsel was constitutionally ineffective for failing to file a notice of appeal," a defendant "must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citations omitted). In order to satisfy the first prong, a defendant must make at least one of the following three showings: (1) that counsel "fail[ed] to follow the defendant's express instructions with respect to an appeal"; (2) that "a rational defendant would want to appeal" and counsel did not consult with the defendant about appealing; or (3) that the defendant "reasonably demonstrated to counsel that he [or she] was interested in appealing" and counsel did not consult with the defendant. *Id*. at 478, 480. Cheevers failed to make a sufficient showing as to any of these three alternatives, and his ineffective assistance claim therefore fails at the first prong.

First, the record before the district court provides no support for Cheevers' current claim that he expressly instructed counsel to appeal. Cheevers concedes that his § 2255 motion and supporting papers contained "no explicit statement that he had asked trial counsel to file a notice of appeal." Cheevers instead points to his July 7, 2014 letter to the district court, which claimed that his counsel had not responded to inquiries from him and his family, and he argues that this letter supports a reasonable inference that he had given his counsel instructions to file an

2

appeal. We disagree. Nothing in the vaguely worded letter suggests that Cheevers' unspecified inquiries to his counsel had mentioned anything about filing a notice of appeal. Rather, the letter indicates that Cheevers was dissatisfied with his counsel, and wanted new counsel, in order to obtain substantive relief *from the district court*—which is exactly how the district court construed the letter. After the district court later denied Cheevers' § 2255 motion, Cheevers filed a motion in this court that was accompanied by a new affidavit claiming for the first time that his inquiries to counsel were "about her filing the appeal." However, "[f]acts not presented to the district court are not part of the record on appeal," and they provide no basis for overturning that court's decision. *National Wildlife Fed'n v. Burlington Northern R.R., Inc.*, 23 F.3d 1508, 1511 n.5 (9th Cir. 1994); *see also* FED. R. APP. P. 10(a).

Second, the record confirms that Cheevers cannot show that, "considering all relevant factors," a "rational defendant would have desired an appeal." *Flores-Ortega*, 528 U.S. at 480. The fact that Cheevers pleaded guilty is "a highly relevant factor in this inquiry," because it "reduces the scope of potentially appealable issues." *Id*. If there are no non-frivolous grounds to appeal, and no other special circumstances, then a defendant claiming ineffective assistance for not filing an appeal has failed to show that a "rational defendant would want to appeal." *Id*. That is the case here.

3

Notably, Cheevers' plea agreement contained an appeal waiver, and he has provided no non-frivolous grounds for setting aside that waiver as unenforceable. *See Tanner v. McDaniel*, 493 F.3d 1135, 1144–47 (9th Cir. 2007). The record confirms that, in accepting Cheevers' guilty plea, the district court sufficiently complied with the requirement of Federal Rule of Criminal Procedure 11 to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." FED R. CRIM. P. 11(b)(1)(N). The court specifically questioned Cheevers as to whether he had reviewed the plea agreement with his attorney, "including the provisions regarding waiver of appeal and collateral attack," and Cheevers replied, "Yes, Your Honor." In response to further questions from the court, Cheevers stated that he was "satisfied with the services of [his] attorney" and that he did not have any "questions in regard to [his] written plea agreement."

Although Cheevers later claimed that his attorney had told him that the Government agreed that his federal sentence should be concurrent to an undischarged state sentence, the district court correctly concluded that this contention was squarely refuted by the record of the plea hearing. As the court explained, "during the plea colloquy, [Cheevers] acknowledged that all the promises made by the government were contained in the plea agreement," and the

"plea agreement does not provide for concurrent sentences." Cheevers now contends that the district court should have undertaken a more searching inquiry concerning the appeal waiver, but we perceive on this record no non-frivolous basis on which Cheevers could have challenged on appeal the knowing and voluntary nature of his appeal waiver. *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009).

Nor has Cheevers shown that he has any non-frivolous issues to raise on appeal that would arguably fall *outside* the scope of his appeal waiver. *Cf. Garza v. Idaho*, 139 S. Ct. 738, 745 (2019). Cheevers identifies what he contends are several non-frivolous issues he could have raised in an appeal of his sentence, but his only argument that these issues escape his appeal waiver is his assertion that his appeal waiver was not knowingly and voluntarily made. Because, as we have explained, Cheevers has identified no non-frivolous ground to challenge that waiver, the record confirms that any appeal would have been frivolous and a "rational defendant" would not "have desired an appeal." *Flores-Ortega*, 528 U.S. at 480.

Third, the record confirms that Cheevers cannot show that he "reasonably demonstrated to counsel that he was interested in appealing." *Id*. As an initial matter, there was no indication at Cheevers' sentencing that he had any interest in appealing. The transcript of that hearing reflects that, after the district court orally

5

delivered its sentence, Cheevers was asked whether he understood that he had "waived the right to appeal to the extent possible," and he said, "Yes." Moreover, although Cheevers' subsequent *pro se* letters to the district court did express concerns about counsel's failure to respond to Cheevers' inquiries, those letters said nothing about taking an appeal to this court. Instead, they raised complaints that the district court properly construed as seeking relief from that court itself. *See supra* at 2–3.

Because the record confirms that Cheevers cannot make any of the preliminary showings necessary to establish that his counsel's performance "fell below an objective standard of reasonableness," *Flores-Ortega*, 528 U.S. at 476 (citation omitted), the district court properly rejected Cheevers' ineffective assistance claim without conducting an evidentiary hearing. We therefore affirm the denial of Cheevers' § 2255 motion.

**AFFIRMED.**